IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

ROBBY LYNN MASON

NO. 2:25-CR-105-Z

## FACTUAL RESUME

In support of Robby Lynn Mason's plea of guilty to the offense in Count One of the Indictment, Mason, the defendant; Natalie Archer, the defendant's attorney; and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Indictment, charging a violation of 18 U.S.C. §§ 2252A(a)(2) and (b), that is, Receipt and Distribution of Child Pornography, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly received or distributed an item of child pornography, as alleged in the indictment;

*Second.* That the item of child pornography had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and

*Third.* That when the defendant received or distributed the item, the defendant knew the item was child pornography.

To "receive" something means to knowingly accept or take possession of something. Receipt does not require proof of ownership.

---

[1] Fifth Circuit Pattern Jury Instruction 2.85D (2024).

Robby Lynn Mason
Factual Resume—Page 1

To "distribute" means to deliver or transfer possession of it to someone else, with or without any financial interest in the transaction.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral- genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an un- natural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

## STIPULATED FACTS

1.    Robby Lynn Mason ("defendant") admits and agrees that from on or about a date unknown to the grand jury and continuing until on or about April 23, 2025, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly receive or distribute at least one visual depiction that had been shipped or transported using any means or facility of interstate or foreign commerce, had been shipped or transported in or affecting interstate or foreign commerce, or was produced using materials which had been mailed or shipped or transported using any means or facility of interstate or foreign commerce, including by computer; and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, in violation of Title 18, United States Code, Sections 2252A(a)(2) and (b).

2.    On November 27, 2024, a user with username storm052800 on a social media platform uploaded a video of child pornography to another user on that platform. That video depicted four fully and partially nude prepubescent males using their hands to masturbate themselves and a prepubescent male having anal sexual intercourse with another prepubescent male. This video was child pornography as defined by federal law. That social media account was linked to a phone number with an 806-area code, an email address of robbymason00@gmail.com, and an IP address that returned to a residence in Sunray, Texas. The social media company sent a CyberTip to the National Center for Missing and Exploited Children (NCMEC). Based on the social media account

information belonging to a Sunray residence, the CyberTip was forwarded to the Texas Department of Public Safety (DPS) in Amarillo, Texas.

3.    DPS agents obtained additional information regarding the user's social media account, phone number, and IP address, and discovered the likely user of the account was Robby Lynn Mason of Sunray, Texas.

4.    Agents reviewed a chat conversation between Mason's social media account and another user. In the conversation, Mason told the other user about sexual fantasies he had with a five-year-old male child. In the chat, Mason and the other user referenced child pornography videos Mason sent the other user on another platform. Further in the conversation, the other user asked Mason if he had ever done anything with a younger boy and Mason responded, "You know I have." Then, Mason sent another video screenshot of child pornography to the other user.

5.    On April 21, 2025, DPS obtained a search warrant for Mason's residence in Sunray. On April 23, 2025, DPS executed the search warrant with the assistance of Homeland Security Investigations. Mason was in his bedroom upon entry to execute the search and was taken into custody.

6.    Mason was taken to the Sunray Police Department and interviewed by DPS special agents. Mason admitted that he distributed images of child pornography from his social media account with the username storm052800 to the other user.

7.    Multiple items of digital media were seized from Mason's residence during the search, including: an iPhone 13 Pro Max with IMEI 353510607614162, serial number LVV19D4PMH; a black 8 GB USB storage device; a black Toshiba Laptop with serial

Robby Lynn Mason
Factual Resume—Page 4

number XE051755P and containing a 500 GB HGST hard drive with serial number 140907TE85135GG4ASDN; an Apple iPhone 6, silver with separated screen, IMEI 359236068199824, serial number C8QPNXGVG5MC; an Apple iPad 5th Generation model A1822, serial number F9FT312AHP9X; a Lenovo Laptop with serial number PF3Y2LG7, containing a 256 GB NVMe Samsung SSD with serial number MZALQ256; and a silver laptop model LT1505 with FCID 2AWJ9M-LT1504, containing a 512 GB SSD.  Many of the items of digital media contained child pornography images and videos, as well as items identifying the devices as belonging to and utilized by Mason.

8.    In total, Mason possessed 57 video files and 70 image files of child pornography on the devices that were able to be forensically processed.  One video file last accessed by Mason on November 27, 2024, was approximately one-minute-and-37-seconds in length and depicted one prepubescent boy laying nude on his back while another prepubescent nude boy performed oral sex on the other child.  The video then changed to depict another nude prepubescent boy laying on his stomach with his feet and hands bound together with a rope while an adult male entered the scene and forced the boy to perform oral sex on him.  Another video located on Mason's devices was an approximately nine-minute-and-37-second video last accessed on November 27, 2024, depicting five prepubescent boys masturbating themselves and then taking turns anally penetrating each other with their penises and then engaging in bondage by tying certain boys up and engaging in sexual acts with them.  These two video files are child pornography as defined by 18 U.S.C. § 2256(8).

9.    Mason admits that he received and distributed at least one file of child pornography to another user online. The file was child pornography as defined by federal law. Mason admits that he used the various devices seized from his residence to receive, distribute, and store child pornography. Mason agrees that the devices listed above should be forfeited to the United States under 18 U.S.C. § 2253.

10.    Mason admits that he knowingly received or distributed an item of child pornography, as alleged in the indictment. Mason admits that the item of child pornography had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer. That is, Mason used a cellular telephone and the Internet to distribute the item of child pornography through an online social media application to other users within and outside the State of Texas. Mason admits that when he distributed the item of child pornography, he knew the item was child pornography.

11.    The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Indictment.

AGREED TO AND STIPULATED on this 6th day of February , 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

*Robby Lynn Mason*

ROBBY LYNN MASON
Defendant

*Callie Woolam*

CALLIE WOOLAM
Assistant United States Attorney
Texas State Bar No. 24075306
1205 Texas Avenue, Suite 700
Lubbock, Texas  79401
Telephone:    806-472-7564
Facsimile:    806-472-7394
E-mail:        callie.woolam@usdoj.gov

*Natalie Archer*

NATALIE ARCHER
Attorney for Defendant

Robby Lynn Mason
Factual Resume—Page 7